UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SERGUI GUSAN,                         )
                                      )
        Plaintiff,                    )
                                      )
   v.                                 ) CASE NO. 1:06-cv-1144-DFH-VSS
                                      )
CASSIUS M. GOENS II,                  )
                                      )
        Defendant.                    )

ORDER ALLOWING EXPEDITED DEPOSITIONS

Plaintiff Sergui Gusan filed this action yesterday, on July 27, 2006, alleging that defendant Cassius M. Goens II negligently injured him when Goens' sport utility vehicle collided with Gusan on his bicycle on June 1, 2006. The complaint invokes diversity jurisdiction under 28 U.S.C. § 1332(a)(2). Gusan is a citizen of a foreign country (Moldova), Goens is a citizen of Indiana, and Gusan seeks damages of more than $75,000.

With his complaint, Gusan filed a motion for an order allowing him to take three depositions no later than September 16, 2006. He seeks to take his own deposition to preserve his testimony. He also seeks to take depositions of defendant Goens and an eyewitness to the accident, Charles Davis. The reason for speed is that Gusan is in the United States on a visa that will expire on September 17, 2006. Gusan apparently cannot be sure he will be able to return

to the United States in the future. As explained below, the motion is granted, subject to several conditions.

Rule 26(d) of the Federal Rules of Civil Procedure provides that, in general, a party to a federal civil action may not depose a witness until after the parties have conducted the discovery conference required under Rule 26(f). Rule 26(d) allows exceptions if the court orders earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Also, Rule 30(a)(2)(C) allows a party to take an earlier deposition if the person to be examined is expected to leave the United States and to be unavailable for examination in the United States unless deposed before that time.

Professors Wright and Miller have traced the rule changes dealing with early depositions. They have explained that leave of court is ordinarily required to protect a defendant and to give him time to retain counsel and to prepare. 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2104 at 49 (2d ed. 1994). With these rule provisions and concerns in mind, the court considers the three depositions plaintiff seeks to take.

*Plaintiff Gusan*: The court's quick search has not located other reported decisions authorizing a plaintiff to subject himself to a deposition under Rule 30(a)(2)(C). The text of the rule contains no exception for a plaintiff's own deposition, and there is no reason the rule could not apply in this situation. (By

comparison, a terminally ill party's deposition testimony may be taken and videotaped, for example, to be used at trial. See also Fed. R. Civ. P. 27 (allowing depositions upon notice even before action is filed or pending appeal).) Plaintiff Gusan may or may not be available for trial; the problem is that he simply cannot be sure at this point that he would be able to secure a new visa to attend a trial in the future.

The principal concern posed by a quick deposition of plaintiff is whether defendant Goens would have a fair opportunity to prepare for it. To address that concern, the court will allow the deposition of Gusan subject to four conditions. First, **no later than August 11, 2006**, plaintiff shall serve on defendant Goens (or his attorney, if an attorney has appeared for him or has notified plaintiff's counsel he or she will appear) the disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, including copies of relevant medical records, the names, addresses, and telephone numbers of known witnesses, any police reports, and a statement of damages with supporting documentation. Second, plaintiff shall respond within ten calendar days to any reasonable interrogatories, requests for production, and/or requests for admission that may be served by defendant before the deposition. Third, Gusan shall ensure that he is available for his own deposition before the other depositions allowed by this order, if defendant's counsel wishes to proceed first with Gusan's deposition. Fourth, Gusan shall serve a copy of this order immediately on Goens, and shall immediately serve Goens with the complaint and summons if he has not already done so.

*Defendant Goens and Witness Davis*: There is no indication that defendant Goens or witness Davis will be leaving the United States and will be unavailable for depositions on the usual schedule, so Rule 30(a)(2)(C) does not apply to them. The court may still authorize expedited depositions under Rule 26(d) in the interests of justice and for the convenience of the parties and witnesses. Plaintiff Gusan argues that expedited depositions of these persons would be in the interests of justice and for the convenience of the parties and witnesses because it is important that Gusan himself be able to attend the depositions in person. His motion asserts that he does not speak English. He communicates with his attorney in Russian. In a case of this type, it may be important or even vital for one party to attend the depositions of the opposing party or witnesses so that he and his attorney may confer with one another about the questions and answers. Having another eyewitness present can help an attorney know which additional questions to ask.

As Gusan's motion acknowledges, it may be possible, at least in theory, for plaintiff Gusan to listen in by telephone from Moldova on depositions of Goens and Davis, to have the witnesses' testimony translated into Russian, and to confer with his attorney here. Such methods of communication can be quite difficult as a practical matter, however. In the interests of justice, the court believes the better course is to allow Gusan to take the depositions of Goens and Davis so long as Gusan has complied with the four conditions the court is imposing for taking his own deposition promptly. Several considerations affect this judgment. It

seems inevitable that Goens and Davis would need to be deposed in this apparently straight-forward case. Gusan's prompt filing of the case and his motion for expedited discovery should allow Goens more than a month to hire an attorney and to prepare for the depositions, at least so long as Gusan complies with the notice and disclosure obligations imposed by this order. If Goens and his attorney encounter unexpected difficulties, they may seek relief from this order, which is being issued before they have had an opportunity to be heard.

Accordingly, the court hereby ORDERS that plaintiff may serve notices of depositions (and needed subpoenas) for depositions of himself, defendant Goens, and Charles Davis for times no earlier than September 7, 2006 and no later than September 16, 2006, provided that plaintiff complies with the conditions set forth above, and provided also that plaintiff submits to his own deposition before the others, if defendant so requests. Also, the court will be inclined to favor any requests by defendant Goens for additional expedited discovery.

So ordered.

Date: July 28, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Edward O. DeLaney
DeLaney & DeLaney LLC
3640 North Washington Blvd.
Indianapolis, Indiana 46205
ed@delaneylaw.net